

# THE COMMONWEALTH OF MASSACHUSETTS
# OFFICE OF THE ATTORNEY GENERAL
## ONE ASHBURTON PLACE
## BOSTON, MASSACHUSETTS 02108

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

(617) 727-2200
www.mass.gov/ago

**BY ELECTRONIC FILING**                                      April 10, 2026

Re:     *Granata et al. v. Campbell et al.*, No. 25-1918

Dear Clerk Anastasia Dubrovsky:

Pursuant to Fed. R. App. P. 28(j), the Appellees advise the Court of the First Circuit's decision in *Beckwith v. Frey*, -- F.4th --, 2026 WL 914624 (1st Cir. April 3, 2026), and its relation to Appellants' Second Amendment challenge to Massachusetts's handgun safety regulations. *Beckwith* reversed the grant of a preliminary injunction enjoining Maine's seventy-two-hour waiting period before a seller may deliver a firearm to its purchaser.  *Id.* at *1.

The First Circuit concluded that Maine's waiting period law "imposes conditions and qualifications on the commercial sale of firearms that do not directly restrict the textual rights protected by the Second Amendment." *Id.* at *6. The First Circuit then held that, under the de facto first step of the analysis derived from the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022), a law that "regulates conduct outside the Second Amendment's plain text" "is constitutional unless plaintiffs demonstrate that the [challenged law] is abusive toward Second Amendment rights." *Id.* The First Circuit rejected the argument that "any law with a downstream restrictive effect of any magnitude on the Second Amendment right must be justified by an historical analogue" as inconsistent with the Supreme Court's approach in *Bruen* and its approach to other constitutional rights. *Id.* at *6-*7.

As explained in Appellees' brief (pp. 17-23), the challenged Massachusetts laws similarly do not target conduct covered by the Second Amendment's "plain text." The handgun safety regulations do not meaningfully restrain the ability of licensed Massachusetts residents to keep and carry a wide variety of handguns suitable for purposes of self-defense. The handgun safety regulations qualify as conditions and qualifications on the commercial sale of firearms and are not employed toward abusive ends.

We respectfully request that this letter be brought to the attention of the judges who will be assigned to this case.

Respectfully submitted,
*/s/ Grace Gohlke*
Counsel for the Appellees
Phoebe Fischer-Groban, 1st Cir. No. 1198575
Grace Gohlke, 1st Cir. No. 1204282
*Assistant Attorneys General*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be served electronically through the Court's e-notification system to all participants registered for service through the Court's electronic system, on April 10, 2026.

*/s/ Grace Gohlke*
Counsel for the Defendants-Appellees