Cooper & Kirk
Lawyers
A Professional Limited Liability Company

David H. Thompson
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

July 16, 2026

**Via CM/ECF**

Anastasia Dubrovsky
Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2500
Boston, Massachusetts 02210

Re: ***Granata, et al. v. Campbell, et al.*, No. 25-1918**

Dear Ms. Dubrovsky:

I write to bring to the panel's attention two recent developments from the Supreme Court that are relevant to this case. First, the Supreme Court recently granted certiorari in *Viramontes v. Cook County*, No. 25-238, and *Grant v. Higgins*, No. 25-566, and will consider, next term, the two cases as a consolidated challenge to bans on "AR-15 platform and similar semiautomatic rifles." *Viramontes* is likely to bear on issues before this Court regarding the constitutional principles governing bans on certain types or models of arms.

Second, the Supreme Court's recent decision in *Wolford v. Lopez*, 609 U.S. ___, 2026 WL 1825723 (2026), supports Plaintiffs' argument that Massachusetts' Handgun Ban restricts conduct covered by the "plain text" of the Second Amendment.

The Commonwealth argues that the challenged Ban does not place a "meaningful constraint" on the Second Amendment protected right and hence does not implicate the "plain text" because unbanned handgun models remain available on the commercial market and even banned models may be bought and sold in

private transactions. *See* Appellees Br. 18–23 (Mar. 25, 2026). But *Wolford* makes clear that any such reasoning is out of place at the plain-text step. At that stage, the only relevant question is whether the challenged law "place[s] *any* restrictions on either the 'keep[ing]' . . . or the 'bear[ing]' . . . of arms[.]" *Wolford*, 2026 WL 1825723, at *6 (emphasis added) (citation omitted). Here, even with potential workarounds, the fact that certain firearms cannot be acquired at retail by ordinary people means that Massachusetts has placed *some* restriction on the possession of those firearms. Indeed, it is difficult to understand the point of the law if it does not restrict access to banned handguns. That is enough to dismiss the Commonwealth's step one arguments.

Third, *Wolford* reinforces that the burden at *Bruen*'s second step is a substantial one that requires consideration of whether a proposed historical analogue "was widespread, well-known, and widely accepted." *Id*. at *14. The State's proposed analogues fail this test. *See* Appellants' Br. 40-57 (Feb. 2, 2026); Appellants' Reply Br. 21-32 (Apr. 15, 2026).

Dated: July 16, 2026

Respectfully submitted,

/s/ David H. Thompson

David H. Thompson
Peter A. Patterson
William V. Bergstrom
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

Richard Cullin Chambers, Jr.
CHAMBERS LAW OFFICE
220 Broadway, Suite 404
Lynnfield, MA 01940
Tel: (781) 581-2031

*Counsel for Plaintiffs-Appellants*

Cc: All counsel of record (via ECF)