THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

(617) 727-2200
www.mass.gov/ago

**BY ELECTRONIC FILING** July 23, 2026

Anastasia Dubrovsky
Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2500
Boston, Massachusetts 02210

Re: *Granata et al. v. Campbell et al.*, No. 25-1918

Dear Ms. Dubrovsky:

Pursuant to Fed. R. App. P. 28(j), the Commonwealth responds to Appellants' citation of additional authority.

First, Appellants raise *Viramontes v. Cook County*, No. 25-238 and *Grant v. Higgins*, No. 25-566, which will resolve "[w]hether the Second and Fourteenth Amendments guarantee the right to possess AR-15 platform and similar semiautomatic rifles." Contrary to Appellants' suggestion, though, the present case does not involve a "*ban[]* on certain types or models of arms." *See, e.g.,* Appellees' Brief pp.26-27.

Second, *Wolford v. Lopez*, 609 U.S. ___, 2026 WL 1825723 (U.S. June 25, 2026) does not address the standard for evaluating laws that impose conditions and qualifications on the commercial sale of arms. *Wolford* reiterated that the analysis under *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1, 24 (2022) "involves two steps[.]" 2026 WL 1825723 at *6. The first step "entails three subsidiary questions," including whether the law places "any restrictions on the 'keeping' (*i.e.*, possession) or the 'bearing' (*i.e.*, carrying) of arms." *Id.* Contrary to Appellants' assertion, the "meaningful constraint" standard cited in the Commonwealth's brief is consistent with *Wolford*'s third subsidiary question because it evaluates whether a law regulating ancillary conduct restricts individuals from keeping or bearing arms. Here, the Massachusetts safety requirements for handguns sold commercially do not "meaningfully constrain" the keeping or bearing of arms, since over 1,000 models of handgun are approved for commercial sale and there are active commercial and private handgun markets in Massachusetts. *See* Appellees' Brief pp.8, 17-23.

Finally, even if the Court proceeds to the history, unlike in *Wolford*, the historical laws here are not "vastly different" in purpose and effect. 2026 WL 1825723 at *12. The proving and gunpowder storage laws, laws on trap guns, and laws about minors' access to firearms were all

safety measures to protect consumers from firearms that do not operate as intended and to protect children from the dangers of firearms. *See* Appellees' Brief pp.31-54.

We respectfully request this letter be brought to the attention of the judges assigned to this case.

Respectfully submitted,
*/s/ Grace Gohlke*
Counsel for the Appellees
Phoebe Fischer-Groban, 1st Cir. No. 1198575
Grace Gohlke, 1st Cir. No. 1204282
*Assistant Attorneys General*

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be served electronically through the Court's e-notification system to all participants registered for service through the Court's electronic system, on July 23, 2026.

*/s/ Grace Gohlke*
Counsel for the Defendants-Appellees